WALTHAM MANUFACTURING COMPANY *vs.* NEW YORK AND
TEXAS STEAMSHIP COMPANY.

Suffolk.   November 17, 18, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Carrier*, Of goods.   *Bill of Lading.*   *Contract*, What constitutes.

In an action, against a corporation operating a line of steamships sailing from New
York, for the value of an automobile delivered to the defendant for transporta-
tion to Miami, Florida, which was delivered by the defendant contrary to the
provisions of the bill of lading, it appeared that the plaintiff delivered the auto-
mobile to the Boston and Maine Railroad for transportation to the defendant at
New York, and took from the railroad company a shipping receipt which recited
that the package was marked for transportation "via . . . Mallory Line to Key
West." The plaintiff sent this shipping receipt to the defendant's agent in
Boston and asked the defendant to accept the package for transportation.
Thereupon the defendant issued to the plaintiff a bill of lading stating that the
automobile was "to be transported by steamer sailing from New York, . . . to
the port of Brunswick or if destined beyond to be there delivered, . . . at cargo
owner's risk, to connecting carrier, or so on by one connecting carrier to
another, until they [the goods] reach the station or wharf nearest to the ulti-
mate destination." The automobile was consigned to the order of the plaintiff
and by the terms of the bill of lading the surrender of the bill of lading prop-
erly indorsed was "required before the delivery of the property at destination."
The defendant, instead of shipping the automobile to Brunswick and sending
it thence by a connecting railroad to Miami, shipped it to Key West, and there
delivered it to the master of a sailing vessel to be taken to Miami. This master
took it to Miami, and there delivered it without requiring the bill of lading and
without authority from the plaintiff. The plaintiff's agent, upon receiving the
bill of lading from the defendant, without noticing the route mentioned in it,
indorsed it, attached it to a draft for the price of the automobile, and deposited
it in a bank to be sent to Miami for the collection of the draft. The draft was
not honored and the plaintiff never was paid for the automobile. The defendant
sought to avail itself of the provision for its protection in the bill of lading,
that the property was to be delivered at Brunswick to the connecting carriers at
the owner's risk. The plaintiff contended that this defense was not open to the
defendant because the property never was delivered at Brunswick. *Held*, that
there was a deviation from the route prescribed by the bill of lading, and that
accordingly the defendant was subject to its common law liability as a carrier
of goods; that, the defendant by the bill of lading having prescribed a different
route from that which originally was intended by the plaintiff and was stated in
the shipping receipt of the Boston and Maine Railroad and the plaintiff having
accepted the bill of lading without examining it, the bill of lading became the
only contract between the parties, and after making this contract it was the duty
of the defendant to conform to it as to the route, instead of following the ship-
ping order given by the plaintiff to the Boston and Maine Railroad; and that
whether the defendant's disregard of this original order in making the contract
in the bill of lading was by accident or otherwise was immaterial.

CONTRACT OR TORT, against the New York and Texas Steamship Company, a corporation, for the sum of $299.84 and interest from August 11, 1905, for the misdelivery of an automobile. Writ dated February 20, 1906.

In the Superior Court the case was tried before *Brown*, J. The facts which appeared in evidence are stated in the opinion. The judge ruled that the plaintiff could not maintain his action. He ordered a verdict for the defendant, and reported the case for determination by this court. If the ruling was right, the verdict was to stand. If the ruling was wrong, judgment was to be entered for the plaintiff in the sum of $299.84 with interest from August 11, 1905.

*F. P. Garland*, for the plaintiff.

*F. W. Knowlton*, (*A. W. Blackman* with him,) for the defendant.

KNOWLTON, C. J. This is an action to recover the value of an automobile, received by the defendant for shipment to Miami, Florida, which was delivered, contrary to the provisions of the bill of lading, to a person who was not entitled to receive it.

By the terms of the bill of lading the automobile was " shipped by Waltham Mfg. Co. . . . to be transported by the B. & M. (subject to all the conditions of that company's bill of lading) to New York and there delivered (by lighter or carts at the risk of the shippers) to the pier of the New York and Texas Steamship Co. (Mallory Line), . . . to be transported by steamer sailing from New York, . . . to the port of Brunswick or if destined beyond to be there delivered, . . . at cargo owner's risk, to connecting carrier, or so on by one connecting carrier to another, until they reach the station or wharf nearest to the ultimate destination, . . .

" If the words ' order,' or ' order notify ' are written immediately before or after the name of the party to whose order the property is consigned, the surrender of this bill of lading, properly endorsed, will be required before the delivery of the property at destination.

" Consignee, marks and destination. Order of Waltham Mfg. Co. Notify M. J. McDonald, Miami, Fla."

This bill of lading the plaintiff indorsed and attached to a draft for the price of the automobile, and deposited it in a bank,

to be sent to Miami for the collection of the draft. The defendant, instead of shipping the automobile to Brunswick and sending it thence by a connecting railroad to Miami, shipped it to Key West, and there delivered it to the master of a sailing vessel to be taken to Miami. This master took it to Miami, and there delivered it to M. J. McDonald, without requiring the bill of lading, and without authority. The draft was not honored and the plaintiff never was paid for the automobile.

The defendant seeks to avail itself of the provision for its protection in its bill of lading, that the property was to be delivered at Brunswick to the connecting carriers, at the owner's risk. To this the plaintiff replies that there was a deviation from the journey prescribed by the contract, and that, in such a case, the common carrier cannot avail itself of such a provision in its bill of lading to relieve itself from liability, but becomes an insurer. This principle is well established, both in England and America. *Thorley* v. *Orchis Steamship Co.* [1907] 1 K. B. 660. 7 Am. & Eng. Ann. Cas. 281, 283, and cases in note. *Maghee* v. *Camden & Amboy Railroad Transportation Co.* 45 N. Y. 514. *Robertson* v. *National Steamship Co.* 139 N. Y. 416. 9 Am. & Eng. Encyc. of Law, (2d ed.) 447, 448, and cases cited.

There seems to be some difference of opinion among judges as to whether the carrier will be precluded from setting up his contract for his relief, if it is shown that the loss was not caused by the deviation, but would have occurred in the same way if the contract had been performed literally. There is much authority to the effect that this makes no difference, that insurance on the cargo is lost by the deviation, and the carrier is relegated to his common law liability. In the present case it is not necessary to consider this question, for if the automobile had been shipped to Brunswick, it would have been carried forward over another route by a different connecting carrier. If the bill of lading is the contract by which the parties are bound, there is no doubt of the defendant's liability.

The property was taken from Waltham in this State by the Boston and Maine Railroad, and was marked " Order Waltham Mfg. Co. Notify M. J. McDonald, Miami, Florida. Via Metropolitan S. S., c/o Mallory Line to Key West." The shipping

order was in this form, and the shipping receipt was given by the Boston and Maine Railroad accordingly. These shipping directions came into the hands of the defendant, with the goods which were sent according to the directions.

The contract of the Boston and Maine Railroad was only to deliver the property to another carrier on the route to the stated destination. The plaintiff's agent then sent this shipping receipt to the defendant's agent in Boston, who prepared the bill of lading above referred to and transmitted it to the plaintiff. The plaintiff, without noticing the route mentioned in the bill of lading, annexed it to a draft and gave it to the bank as stated above.

The defendant contends that the bill of lading is not to be taken as the contract between the parties, and that the defendant was bound to follow the shipping directions originally given to the Boston and Maine Railroad, and that its shipment by way of Key West was right.

Numerous cases are cited in which it is held that, when a binding contract for the shipment of goods has been made between the consignor and a common carrier, and the execution of it has been begun, delivery by the carrier to the consignor of a bill of lading, different from the original contract in its provisions, will not supersede the original contract. *Gage* v. *Tirrell,* 9 Allen, 299, 304. *Hendrick* v. *Boston & Albany Railroad,* 170 Mass. 44. *St. Louis & Southwestern Railroad* v. *Elgin Condensed Milk Co.* 175 Ill. 557. *Bostwick* v. *Baltimore & Ohio Railroad,* 45 N. Y. 712. *Guillaume* v. *General Transportation Co.* 100 N. Y. 491, 498. *Stoner* v. *Chicago & Great Western Railroad,* 109 Iowa, 551. *Rudell* v. *Ogdensburg Transit Co.* 117 Mich. 568. The same principle is applied to the making of a bill of lading after a charter party has been entered into. *Burns* v. *Burns,* 131 Fed. Rep. 238. *Huron Barge Co.* v. *Turney,* 71 Fed. Rep. 972. *The Iona,* 80 Fed. Rep. 933.

We are of opinion that this principle is not applicable to the present case. The plaintiff had no contract with the defendant when it sent the shipping receipt of the Boston and Maine Railroad to the defendant's agent in Boston, and asked the defendant to enter into a contract. Until then it had only an arrangement to have the property delivered by the Boston and

Maine Railroad to a connecting carrier. Thereupon this bill of lading was made, as the only contract between the parties. For some reason that does not appear, the bill of lading prescribed a different route in part from that originally intended by the plaintiff. The plaintiff accepted the contract without examining it, and the plaintiff's agent, who did the business, testified that the plaintiff " would have accepted the Mallory Company's bill of lading as they drew it, because they would have later information of shipping topics than we would." So far as appears, this was the only contract between the plaintiff and the defendant. After making the contract, it was the duty of the defendant to conform to it as to the route, instead of following the shipping order given to the Boston and Maine Railroad. The disregard of this original order in making the contract, whether it was by accident or otherwise, does not affect the rights of the parties under the contract.

According to the terms of the report there is to be

*Judgment for the plaintiff.*